IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

TERRI J. VITT,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

No. C 06-7184 CW

ORDER GRANTING
DEFENDANT'S
MOTION TO DISMISS

    Defendant Michael J. Astrue, in his capacity as Commissioner of the Social Security Administration, moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's complaint as time-barred under 42 U.S.C. § 405 (g). Defendant argues that part of the complaint must also be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). Plaintiff opposes the motion. Having considered all the papers filed by the parties, the Court GRANTS Defendant's motion to dismiss.

BACKGROUND

    On November 22, 2002, Plaintiff filed an application for Social Security disability benefits under Title II of the Social Security

Act (SSA), alleging inability to work beginning July 7, 1993. (Administrative Law Judge Decision, December 15, 2004 at 20.) She claimed that she suffered from multiple medical disorders, including debilitating mental stress, beginning in 1997 and continuing to the time of her application for disability benefits. (Id.) As part of her 2002 application, Plaintiff attempted to revive, pursuant to Social Security Ruling (SSR) 91-5p,[1] a 1994 Title II disability benefits claim that had been denied in 1995. Plaintiff's 2002 claim for SSI benefits was denied on May 1, 2003. It was denied again upon reconsideration on August 15, 2003. (Docket no. 13, Declaration of Dennis V. Ford (Ford Decl.), Exh. 1.)

In a letter dated March 3, 2004, from her non-attorney representative Andrew Ragnes, a law clerk for her attorney Ian Sammis, Plaintiff requested a hearing before an Administrative Law Judge. (Docket no. 17, Declaration of Andrew Ragnes (Ragnes Decl.) ¶ 1.) The ALJ deemed this to be also a protective filing of an application for supplemental security income benefits under Title XVI of the SSA. (ALJ Decision, December 15, 2004 at 1.) On March 9, 2004, a hearing was held before ALJ Catherine R. Lazuran. The ALJ consolidated Plaintiff's 2002 Title II disability benefits claim

---

[1] SSR 91-5p provides: "If a claimant presents evidence that mental incapacity prevented him from requesting a timely review of an administrative action by the Commissioner, and the claimant had no one legally responsible for prosecuting the claim on his or her behalf at the time of the prior adverse action, the SSA will determine whether or not good cause exists for extending the time to request review. . . . The claimant will have established mental incapacity for the purpose of establishing good cause when the evidence establishes that he or she lacked the mental capacity to understand the procedures for requesting review."

2

with her protectively filed Title XVI claim. Plaintiff, represented by Mr. Ragnes, testified at the hearing. (Id.)

On December 15, 2004, the ALJ issued a partially favorable decision regarding Plaintiff's 2002 application. The ALJ found that, beginning on November 1, 2003, Plaintiff was disabled under the SSA due to a variety of physical and psychological impairments. (ALJ Decision, December 15, 2004 at 38-39) The ALJ concluded that Plaintiff was eligible for supplemental security income benefits under Title XVI, but denied her application for Title II benefits. The ALJ found that, although Plaintiff had been disabled under Title XVI, within the meaning of the SSA, since November 1, 2003, she was not disabled under Title II as of the date she was last insured, December 31, 1998. (Id. at 38.) The ALJ also rebuffed Plaintiff's attempt to renew her earlier 1994 proceedings, finding no basis on which to reopen the adverse determination of October 2, 1995. (Id.) On December 27, 2004, Plaintiff filed a request for review of the unfavorable portion of the ALJ's December 15, 2004 decision.

On September 29, 2005, while her request for review was still pending before the Appeals Council, Plaintiff, represented by attorney Ian Sammis, filed a Bivens action against the Commissioner and ALJ Lazuran in the United States District Court for the Northern District of California, entitled Vitt v. Barnhart, No. C 05-3957 MJJ.[2] The Commissioner moved to dismiss the complaint for lack of

---

[2] Bivens actions are suits against federal actors in their individual capacities for violations of constitutional rights. Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 392-97 (1971); see also Janicki Logging Coy. v. Mateer, 42 F.3d 561, 563 (9th Cir. 1994). In her complaint, Plaintiff alleged that ALJ Lazuran was personally biased against

3

subject matter jurisdiction and for failure to state a claim upon which relief could be granted. Pursuant to Federal Rule of Civil Procedure 41(a), Plaintiff voluntarily dismissed her case, citing economic reasons. On February 2, 2006, the Honorable Martin J. Jenkins dismissed the case without prejudice.

On August 3, 2006, Plaintiff, still represented by attorney Sammis, sought to renew her Bivens claim by filing a "notice of permissive joinder" under Federal Rule of Civil Procedure 20 in a case entitled Coleman v. Barnhart, No. C-06-01912, presided over by Judge Susan Illston. The plaintiff in Coleman alleged that ALJ Lazuran had discriminated against him. Plaintiff's notice of joinder alleged that she was subject to the same discrimination as Coleman and, thus, her claims should be brought in the same case as Coleman's. On January 7, 2007, Judge Illston found that joinder was inappropriate and granted the Commissioner's motion to sever and dismiss Plaintiff from the Coleman case. The dismissal was without prejudice to Plaintiff filing a separate action.

Meanwhile, on September 11, 2006, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision and adopted that decision as the final determination of the Commissioner. (Ford Decl., ¶ 3(b) at 3-4.) In its denial, the Appeals Council notified Plaintiff that she had the right to commence a civil action requesting district court review of the Commissioner's ruling within sixty days of that ruling. (Id. at 4.) The Appeals Council also informed Plaintiff that she did not have a right to seek judicial

---

her because of her race.

4

review of the denial of her request to reopen the prior claim for benefits. (Id. at 4.)

On November 20, 2006, Plaintiff, still represented by attorney Sammis, filed the present complaint requesting judicial review of the ALJ's denial of her claim on the grounds that (1) the Commissioner's actions, findings and conclusions were not supported by substantial evidence and (2) the Commissioner applied incorrect legal standards in the determination of the ultimate issues that (a) Plaintiff's eligibility for Title II benefits expired before she became disabled in November, 2003 and (b) Plaintiff's 1994 case should not be reopened. On June 1, 2007, Defendant filed a motion to dismiss on the ground that it was filed beyond the sixty-day statute of limitations provided in 42 U.S.C. § 405. Plaintiff did not file an opposition. Instead, on June 20, 2007, Plaintiff filed her first amended complaint (FAC). (Docket no. 10). On June 29, 2007, Defendant filed this motion to dismiss Plaintiff's FAC.

DISCUSSION

I. Federal Rule of Civil Procedure 12(b)(6)

The Commissioner moves to dismiss all of Plaintiff's claims for failure to state a claim on which relief could be granted, contending that her claims are barred by the statute of limitations.

On a motion to dismiss for failure to state a claim, all material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached

documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

The statute of limitations defense may be raised in a motion to dismiss, but only where "the running of the statute is apparent from the face of the complaint," and the motion should be granted "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Id. at 1278. The issue of equitable tolling must be addressed when "the complaint, liberally construed in light of our 'notice pleading' system, adequately alleges facts showing the potential applicability of the equitable tolling doctrine." Cervantes v. City of San Diego, 5 F.3d 1273, 1277 (9th Cir. 1993) (emphasis added).

When granting a motion to dismiss for failure to state a claim, a court is generally required to grant a plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, a court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. Id. at 296-97.

The Commissioner asserts two arguments in support of his

contention that all of Plaintiff's claims are time-barred under 42 U.S.C. § 405(g).  First, the Commissioner argues that Plaintiff's action is untimely because the Appeals Council's decision became final on September 11, 2006 and Plaintiff filed her case in this Court on November 20, 2006, missing the filing deadline by five days.  Second, the Commissioner contends that there is no basis for equitably tolling Plaintiff's claim.

Plaintiff argues that the statute of limitations on her claim for Title II benefits should be equitably tolled under 42 U.S.C. § 405(g) because, on August 3, 2006, she attempted to join the plaintiff in Coleman challenging the final decision of the Commissioner on Bivens grounds.  (FAC, citing Exhs. A-C.)  Plaintiff alleges that on August 30, 2006, the Commissioner acknowledged her attempt to join by filing a motion to sever her claims from Coleman's complaint and to stay Coleman's and Plaintiff's Rule 34 requests for production of documents.  The Commissioner responds that Plaintiff has not alleged any justification for equitable tolling and that her joinder in Coleman has no effect on the timeliness of the filing of the instant complaint.

Title 42 U.S.C. § 405(g) authorizes judicial review of "any final decision of the Secretary made after a hearing to which [the plaintiff] was a party."  The judicial review provisions of 42 U.S.C. § 405(g) apply to claims under Title II and Title XVI. Kildare v. Saenz, 325 F.3d 1078, 1080 n.1 (9th Cir. 2003).  Section 405(g) operates as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner. Bowen v. City of New York, 476 U.S. 467, 479 (1986); Vernon v.

Heckler, 811 F.2d 1274, 1277 (9th Cir. 1987).

Under the doctrine of equitable tolling, a plaintiff may be permitted to file a claim after the sixty-day period has expired in those rare cases where fairness requires it, such as when the defendant fraudulently conceals the cause of action, or when there is excusable delay by the plaintiff. Bowen, 476 U.S. at 479; Vernon, 811 F.2d at 1278. Equitable tolling focuses on the plaintiff's excusable ignorance of the limitations period and is "not available to avoid the consequences of one's own negligence." Lehman v. United States, 154 F.3d 1010, 1016 (9th Cir. 1998). "Once a claimant retains counsel, tolling ceases because she has gained the means of knowledge of her rights and can be charged with constructive knowledge of the law's requirements." Leorna v. United States Department of State, 105 F.3d 548, 551 (9th Cir. 1997).

It is uncontested that Plaintiff's complaint was filed after the sixty-day time limit requirement contained in section 405(g). Plaintiff concedes that the Appeals Council denied review of her claim on September 11, 2006. (FAC ¶ 8, at 2.) Therefore, the deadline for Plaintiff to file her complaint in this Court was November 15, 2006 (sixty days plus five days added for mailing). Plaintiff, represented by attorney Sammis, filed her civil action in this Court on November 20, 2006, five days after the statutory period had run. Therefore, the complaint is time-barred under Title 42 U. S. C. § 405(g).

In arguing that the statute of limitations is tolled by her attempts to seek permissive joinder in Coleman v. Barnhart, Plaintiff relies on Elmore v. Henderson, 227 F.3d 1009, 1012 (7th

8

Cir. 2000). She contends that the complaint she tried to make in Coleman should have been continued as a separate suit, instead of being dismissed. In that way, the argument goes, her new Bivens claim would have served to toll the statute of limitations for her appeal of the Appeals Counsel's ruling.

In Elmore, the plaintiff filed a suit with several other plaintiffs. The district court dismissed Elmore's claim on the ground of misjoinder. Id. at 1011. Elmore did not appeal this dismissal, but refiled his claim as a separate action. Id. The district court dismissed the refiled suit with prejudice because, by the time he filed it, the statute of limitations had run. Id. Elmore appealed to the Seventh Circuit. He argued that because the original suit was timely, his second suit should have been treated as a continuation of the original suit and the statute of limitations on the second filing should be equitably tolled. Id.

In affirming the district court's decision, the Seventh Circuit held that, for statute of limitations purposes, if "[a] suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing." Id. at 1011. The court went on to note in dicta that, "in formulating a remedy for a misjoinder the judge is required to avoid gratuitous harm to the parties," and is therefore duty-bound to prevent a dismissal that would have adverse "statute of limitations consequences." Id. at 1012. However, the court concluded that equitable tolling did not apply to Elmore's claim because he waited

9

four months to file it; rather than seeking equitable tolling, he should have appealed the district court's ruling. Id.

Elmore is inapplicable. The claim Plaintiff alleges here does not include a Bivens claim against the ALJ, but addresses the merits of the Appeals Counsel's decision to uphold the ALJ's denial of benefits.

Plaintiff, who was represented by counsel, had enough information to file her social security disability appeal on time. However, she and her attorney did not do so. Equitable tolling is not available to avoid the consequences of Plaintiff's negligence or that of her counsel. Plaintiff's opposition proffers no grounds on which she could amend her complaint successfully to allege equitable tolling. The Court must dismiss the instant action.

II. Federal Rule of Civil Procedure 12(b)(1)

In the alternative, the Commissioner moves to dismiss one of Plaintiff's claims for lack of subject matter jurisdiction.

Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1). Federal subject matter jurisdiction must exist at the time the action is commenced. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). A Rule 12(b)(1) motion may either attack the sufficiency of the pleadings to establish federal jurisdiction, or allege an actual lack of jurisdiction which exists despite the formal sufficiency of the complaint. Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987).

10

A federal court is presumed to lack subject matter jurisdiction until the contrary affirmatively appears. Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989). An action should not be dismissed for lack of subject matter jurisdiction without giving the plaintiff an opportunity to amend unless it is clear that the jurisdictional deficiency cannot be cured by amendment. May Dep't Store v. Graphic Process Co., 637 F.2d 1211, 1216 (9th Cir. 1980).

Interpreted liberally, Plaintiff's FAC alleges that the ALJ's December 15, 2004 refusal to reopen her 1994 case violated her due process rights because (1) she was unrepresented by counsel in her 1994 case and she was mentally unable to understand the review process, and (2) the administrative notice of her right to appeal the denial of that earlier application was constitutionally deficient under SSR 91-5p and Gonzalez v. Sullivan, 914 F.2d 1197 (9th Cir. 1990). The Commissioner moves to dismiss this claim on the ground that judicial review of the Commissioner's discretionary decision not to reopen Plaintiff's 1994 application is barred by 42 U.S.C. § 405(g).

The Supreme Court has held that 42 U.S.C. § 405(g) "cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits." See 42 U.S.C. § 405(g); Califano v. Sanders, 430 U.S. 99, 107-09 (1977). However, there is an exception to this general jurisdictional bar if a plaintiff alleges a colorable constitutional claim. Evans v. Chater, 110 F.3d 1480, 1483 (9th Cir. 1997). A colorable constitutional claim is stated if a plaintiff shows that

11

he or she did not have counsel or other suitable representation and disability prevented him or her from understanding and pursuing administrative remedies. Udd v. Massanari, 245 F.3d 1096, 1098-99 (9th Cir. 2001)(citing Califano, 430 U.S. at 107-09).

A claim is not colorable if it is clearly immaterial and made only for the purposes of establishing jurisdiction, or "is wholly insubstantial or frivolous." Boettcher v. Sec'y of Health & Human Servs., 759 F.2d 719, 722 (9th Cir. 1985); Hoye v. Sullivan, 985 F.2d 990, 991-92 (9th Cir. 1993). The mere allegation of a due process claim does not assure that the claim is colorable. Id. at 992. In the context of mental disability, the claimant is required to make a "particularized allegation" of mental impairment plausibly of sufficient severity to impair both comprehension and the ability to act upon notice of procedural mandates. Byam v. Barnhart, 336 F.3d 172, 182 (2d Cir. 2003).

On September 11, 2006, the Appeals Council affirmed the ALJ's decision not to reopen the 1994 application, concluding that Plaintiff had not met her burden of proving a mental impairment severe enough to preclude her from understanding her "rights with respect to the Reconsideration Determination." (Appeals Council Decision, September 11, 2006 at 3.) Plaintiff does not allege in her complaint, nor argue in her opposition to the Commissioner's motion, that she was mentally unable to understand how to obtain review of the 1994 decision at that time. And in fact she did seek reconsideration of that decision, evidencing that she understood how to do so. Accordingly, Plaintiff has not made a colorable claim of a constitutional violation and the Court lacks jurisdiction to

12

review the ALJ's decision not to reopen her 1994 claim.

Plaintiff argues that she is entitled to the relief afforded in Gonzalez v. Sullivan. There, the Ninth Circuit reviewed the sufficiency of a notice form used at that time by the Secretary of Health and Human Services (HHS) concerning the denial of applications for social security disability benefits. 914 F.2d 1197, 1203 (9th Cir. 1990). The notice stated, in part: "If you do not request reconsideration of your case within the prescribed time period, you still have the right to file another application at any time." Id. The Ninth Circuit held that this notice violated a claimant's due process right because it did not "clearly indicate that if no request for reconsideration is made, the determination is final." Id. The Ninth Circuit reasoned that to satisfy due process, the notice accompanying a denial of a social security benefits application "must be reasonably calculated to afford parties their right to present objections." Id. Moreover, the notice must not be so "misleading that it introduces a high risk of error into the disability decisionmaking process." Id.

Unlike the plaintiff in Gonzalez, Plaintiff does not argue that the administrative notice she received was misleading or that it failed to notify her of the proper procedure for appealing the denial of social security benefits. Nor has Plaintiff indicated that her notice contained language similar to that in Gonzalez. As noted, the ALJ and the Appeals Council found that because Plaintiff made a request for reconsideration, the notice was reasonably calculated to inform Plaintiff of her right to present objections. Therefore, because Plaintiff's 1994 application was denied upon

13

reconsideration, it cannot be said that the notice was constitutionally deficient. See Rolen v. Barnhart, 273 F.3d 1189, 1191 (9th Cir. 2001) (stating that "Gonzalez does not require that a notice provide strategic legal advice, or inform claimants about all possible responses to a dismissal. Gonzalez merely requires that notices inform claimants of what they must do if they wish to present objections to a dismissal.")

CONCLUSION

For the forgoing reasons, Defendant's motion to dismiss Plaintiff's complaint (Docket No. 12) is GRANTED. This dismissal is without leave to amend because Plaintiff has already amended her complaint after Defendant's first motion to dismiss and she does not proffer any grounds on which she could amend further to allege equitable tolling of the statute of limitations.

IT IS SO ORDERED.

Dated: 2/14/08

CLAUDIA WILKEN
United States District Judge

14